The final matter is the U.S. v. Shelton Johns. I guess you're right. I never thought about that. Good afternoon, your honors. Good afternoon. Your honors, may it please the court, Christopher Burke for the United States in this matter, and with the court's permission, if I could reserve five minutes for rebuttal in this case. Your honors, in this case, the government is appealing this 36-month sentence reflected in the judgment entered by the district court on April 20th of 2007. Pick up that microphone and please speak into it. Yes, your honor. Is that better? Thank you. Thank you. I apologize, your honor. Your honors, we're asking the court to vacate the judgment reflecting the 36-month sentence entered on April 20th of last year, and asking the court to order the district court to enter the judgment reflecting the first sentence imposed in this case, the 60-month sentence that the court announced on April 20th of last year. May we order remand this case to the district court? Yes, your honor. For the purpose of having the court enter the judgment reflecting the 60-month sentence that it imposed. Hasn't a judgment been entered of 60 months? The sentence of 60 months has been imposed. The court has imposed the sentence and announced it, but it never entered a judgment in the case of the written record reflecting it. Rule 35C isn't a sentence deemed to be rendered an official at the oral argument? Yes, at the oral announcement of sentence. For the purpose of Rule 35C, it is. So then what is it you want to have done? He didn't sign something? He did not enter the judgment. Yes, he didn't sign the judgment and enter it. Do you have to sign the judgment and enter it in order to have it assume official status? Well, I think the district court is required at some point by Rule 32 to – No, no, no. Answer my question. Do you have to sign the judgment, does the district court have to sign it, in order for it to be an effective judgment? Not for it to be an effective sentence. For it to be a sentence for the purposes of Rule 35, it does not. The only thing the district court has to do. Why do we have to remand it? In Higgs, they never remanded it. In Higgs, what Judge Sloviter directed was that the second sentence, that's if you prevail on this argument, that the second sentence be vacated and that the original sentence, therefore, takes effect. Isn't that what they did? I think in Higgs, Your Honor, if I'm not mistaken, what happened was that an original judgment was entered and then the defendant, who I think was opposing that judgment, his attorney filed a motion asking for the court to correct that original judgment under Rule 35, never actually filed a notice of appeal. And so ultimately when Judge Sloviter found that Rule 35 prevented any further action with respect to the case, the original judgment had already been entered. But there's no jurisdiction after. We found under Rule 35 there's jurisdiction. Exactly, right. At the moment the district court imposed the sentence, there is no longer jurisdiction for the district court to alter or correct the sentence in any way. Really, the only thing the government's asking that the court order the district court to do is to simply enter the judgment. Judge Gers' point, as I understand it, was something like, you know Vermont, is that under Higgs, there was no jurisdiction to enter the subsequent sentence. Under 35C, the oral pronouncement of the sentence was the sentence. So what is there for us to do? Well, Your Honor, I think... Let's make it simple. Okay. Judge Garth is right. If we just dismiss the appeal for lack of jurisdiction, all you do is go back to Judge Slee and say, I ask that you please enter a written judgment, which you really need for practical purposes only for the Bureau of Prisons. That's what you really need. Well, now let me ask you something. I thank Judge Irenas for affirming my suggestion. No, I said it. Okay. He never gets a second. He never gets a second. So you're witnessing history being made here. I'm proud to be here. This is not an idle question. If we were to remand, and if the district court enters a judgment, does that give the defendant 10 days to appeal from that judgment? It does. It does. Yes, Your Honor. So that the remedy that Judge Sloboder suggested in Higgs of 2255 is not the only available remedy for him. I would suggest that the trigger for a notice of appeal to be filed is the entry of judgment. The written judgment. The written judgment. Yes, Your Honor. And so, therefore, we would not argue as the government that the defendant is prevented from appealing, for example, the reasonableness of that 60-month sentence, because here the district court never did the thing that is the trigger for the notice of appeal to be filed, which is to enter that judgment. Well, I guess my question is, does he have to? Does the district court, once it orally declares the sentence, and I've been away from the district court for a long time, so I'm going to defer to Judge Irenas on this, does the district court have to actually put his X on the signature page of a judgment? Under the rules of criminal procedure, he does. Rule 32 requires, says, rule 32, I believe it's 32J, Your Honor, I don't have it in front of me, but it requires the district court, says the district court must enter a judgment, and the clerk must enter it, and I think it's really for the reason Judge Irenas cites. You're correct. Indeed, Higgs points out at some length that the 7-day period in Rule 35 is tied to the 10-day appeal time, and the idea of the drafters of the rule was that you wanted to have any corrections done before the 10 days expired. Exactly, Your Honor. So Judge Garth is absolutely right. I'm proud that he usually asks counsel's questions, but here he's asking me. I apologize for it. He's out of the rule. And it's exactly, one of the premises behind the rule is that in every case, no matter what happens, by 7 days after a sentence is orally announced, there's no more corrections. So there could never be a case that by the time the deadline for the notice of appeal to file, 10 days after the entry of judgment, there could never be a case where a court would be correcting it after that. The deal with Judge Garth's issue, though, I mean, basically, we could, it's a ministerial act fundamentally, so I suppose we could remand with directions to enter a written judgment in accordance with Rule 32 or something like that. So there's no real discretion. Exactly. We're not remanding for a discretionary action. We're remanding only for a ministerial action. And, Your Honor, so just about every case where courts of appeals have dealt with issues like this, that's what they've done. For example, in the Veichol case that we cite or the Abreu-Cabrera case, what the courts have done is simply that, is say that the only thing the district court can do here, because sentencing has already taken place, there can be no more altering or correcting of sentence, the only thing it can do is enter that judgment. And I think they do that because there is some significance to the entry of judgment. It's used, of course, for various reasons, the Bureau of Prisons, other cases. But the significance is there because your friend points out that there is a docket entry with respect to the sentence that was announced. And which sentence are you referring to, Your Honor, the original 60-month sentence? They did. The court did enter a docket entry saying sentence imposed 60 months. And then I think subsequently another entry after that saying we haven't entered the judgment in this case. I mean, and maybe another point, if what the court is asking is, can this court simply deal with this entire case right now? I think the preferred course, the course that other courts of appeals have taken when they've been faced with this situation, is to remain simply with an order that the district court enter the judgment. And at that point, the defendant would have 10 days to appeal that judgment. Counsel, I think Judge Garth is referring to the docket entry which reads as follows. Remark, upon further consideration by the court, judgment and commitment order for the sentencing held on 3-23-07 was not issued and resentencing of the defendant was scheduled for April 17, 07. I believe that's what Judge Garth is referring to. It was interesting because the entry date is March 23, 07, but it was not entered on the docket until April 20, 2007, which quite candidly I found totally confusing. That's correct, Your Honor. I think it's confusing because raised in the defense brief too, to be clear, the district court did not do that. It did not make that entry until 4-20, April 20, after the second sentencing. It's just deceiving because of where it shows up on the actual docket. It's kind of backdated, I mean, in effect. I mean, I think you could easily get that sense from seeing it here. You have to look at the date where it says entered to figure out exactly when it happened. So as I understand your argument, what you're saying is that on March 23, a sentence was orally pronounced. Correct. That that was the sentence because the objection to it or the exception to it was not taken until after the time limit that Higgs prescribes. Therefore, there was no jurisdiction to do anything after the time had elapsed. That's correct. Therefore, what we must do, you're suggesting, is to send it back, have the document signed by the district court judge, and that will give time, new time to appeal, and that will also permit a 2255 if the appeal is unsuccessful. Is that what your position is? That is exactly our position, Your Honor, and I think that the cleanest way that the court, there are multiple reasons under Rule 35 that we'd say that there was no jurisdiction, but the cleanest reason, the most easy to understand reason is seven days by April 3, the court had to act. It didn't, and therefore, it was without jurisdiction to change the sentence after that. Let me walk away with a victory. Let me ask you to respond to an argument that was made. One of the two arguments by the defendant is the sentencing was never complete, and so that the provision in Rule 35C, which says that it's done orally, would apply to a completed sentence, but that this was not a completed sentence. I mean, for instance, I've held sentencing hearings that lasted two or even three days, so it's not necessary. You know, and so his argument is, if I understand it correctly, that we don't look even to the seven days because the seven days never started running, and it never started running because the sentence wasn't complete on that day. I'll let the counsel speak for himself, but out of his brief, that's what I take one of his arguments to be. Correct, and let me just address that, Your Honor. The window begins from the oral announcement of sentence, and the government would submit that any reading of the record of what happened at that first sentencing hearing was the oral announcement of sentence, and let me just explain why I say that. First, because at the end of the hearing, the judge said, it is the court's judgment pursuant to the Sentencing Reform Act of 1984 that the defendant shall hereby be committed to the custody bureau of prisons for 60 months. Later it said, I am sentencing you to a term of imprisonment of 60 months, and then after discussing the 3553A factors said, the court therefore imposes sentence with these factors in mind. It said it again, it is then the order of the court that sentence be imposed. It asked the parties if there was any other issue to address. We said no, and then even at the second sentencing hearing, when the court reflected back on what it had done at the first, it two times used the phrase, I imposed sentence the first time, and it also said, I pronounced sentence. So I think there's really no ambiguity at all. Sentence was orally announced by any meaning of that term, and therefore the jurisdictional window began to run. It ended on April 3rd, and therefore the judgment must be entered in this case, Your Honors. Okay, thank you. Thank you. You have a daunting task, Mr. Perlstein. Oh, I don't think so, Your Honors, and that's why I'm glad I have this opportunity to argue to you. May it please the Court, I'm Paul Perlstein. I represent Shelton Johns, and I'd like to say, Judge Garth, for instance, if you were to say to me that you've read the briefs in this case, I take your word at face value. And when Judge Sleet says, I made a mistake, I did not impose a legal sentence. It isn't a reasonable sentence because I did not give Rule 3553A consideration to all of the factors that are necessary for imposing sentences. But he did. Let me start by saying I am incredibly, and I may be the only one of the judges up here, speaking for myself, and it doesn't mean you're going to win, obviously. But I'm very sympathetic to what I think happened here. I think the judge saw somebody who had a history of crime based totally on the rap sheet. This is a guy who, even you were arguing for the lower end of the guidelines for 70 months. I just want to interrupt you. That's what my opponent has said. The dynamic that was going on was I made a very long and impassioned argument that any sentence in the guideline, and it's in the record, any sentence within the guideline was more than is reasonably necessary, anticipating Rita. But since it appears that I wasn't faring very well on my motions, I certainly wanted to salvage something by saying, if you're going to do a guideline sentence, make it as low as possible. Okay, well, that's fair. But in any event, this is a guy who, just looking at his rap sheet and his record, you'd think required some kind of an incapacitative sentence to send a message or whatever, and also not just to deter, but to incapacitate. And it's clear that you made a very moving presentation. It's clear that his mom made a very, very moving presentation. It's clear the defendant made a presentation that really resonated with the judge. It seems to me the judge saw something in the defendant that day, in the dynamics that day, that suggested to him that this is a guy who has turned a corner and that I need to cut him a break. And he cut him a break. But then in thinking about it more, he said, you know, I didn't cut him enough of a break. It's just too much. I mean, the record would suggest that 60 months is fine, but given what his mom said, given what the defendant said, this guy does not need 60 months. He's gotten a GED. He's gotten college credits. The kid is ready. And frankly, the thing that impressed me, and I've sentenced thousands of cases in state court, many of them for murders, the thing that really impressed me on this record, and that's why I'm so sympathetic to what Judge Tate was trying to do, when the defendant said, I wanted my brother to see me brought in in handcuffs. I mean, that to me is different. And I can understand that really resonating with the judge saying, whoa, this guy is really ready to turn his life around, and I don't need to hit him with a heavy hammer here. And then he thought about it and said, Dad, I used too big of a hammer. I've got to do something about that. And he tried to correct the sentence, but he didn't make Rule 35 there. The imposition of this sentence was meticulous. I mean, this is the kind of sentence that we want to see more of, and we send sentences back over time, and we say he didn't pay enough attention to the 3553A factors. And Judge Tate went through 3553A, and he was very careful to consider all of them, because he probably saw in the 61 sentence a governmental appeal. And he just changed his mind. It wasn't a mathematical error. Yeah, but here's the fallacy, with all due respect, Judge McKee. Normally when we're arguing these cases in the Court of Appeals, we have counsel from both sides trying to divine from the record what it is the judge thought and argue to judges such as yourself, oh, you have to conclude this from the record because we'll parse these words the judge stated. And the other side says, no, we have to conclude that as we parse the words of what the sentencing judge stated. In this particular case, we can't get away from the fact that Judge Sleet said, I didn't give proper consideration to 3553A, and we have to take him at his word. Even if we do, it doesn't get you the kind of error that all the cases talk about under Rule 35. And then, you know, Higgs came out after we made the argument. But look at the practical matter in this case, if you would, please. What is it? Judge Sleet knows he made an error. Judge Sleet knows that he imposed a sentence which under RETA is illegal. It doesn't fit the requirements that the Sentencing Act makes, that it's not to be any greater than is necessary to serve the purposes of the Sentencing Act. It's before Higgs. Judge Sleet is looking for a way in which to correct his error. Now, he chose to do it the way he did on the record, and later Higgs came out. There's no way I could have taken an appeal after March 23rd because there's no way possible that the defendant could know that Judge Sleet made this error. But once we do know about it, then what happens is the alternative would be for Judge Sleet to have written an opinion, and then we would have filed a 2255 appeal. But we're at the same place because we're arguing the legality of the sentence that is imposed. Now, counsel, slow down. Let's assume you're right. Let's assume that this is a mathematical, just for argument's sake, that this is the type of error that Rule 35 was designed to correct. I don't endorse that position, by the way, but let's assume it. Let's just assume. Isn't it true that under Higgs, and by the way, under lots of cases around the country, that the seven-day period is not just for the motion or for the reconsideration, but that the actual sentencing, resentencing, I should say, the actual resentencing, the actual correction, must be done within the seven-day period? Indeed, most of Higgs, the language, and I have the case in front of me, in fact, goes to that issue. I do have them in front of me. It goes to that issue. And indeed, I think Judge Slover points out that it's not a unique holding. It's consistent with the drafters intact and other. So even if you're correct that this could have been corrected under Rule 35, doesn't that, in fact, knock you out of the box jurisdictionally, lead you to an appeal? And then in your appeal, you can argue, look, Judge Sleet himself even said to another panel in this court, you argue, look, Judge Sleet himself said I made a mistake. That's unreasonable. And it's unreasonable. And you have what better authority do you have for being unreasonable than Judge Sleet himself saying that? I can answer that very easily. But do we have jurisdiction to even consider that? Yes. And here's the answer, Judge Irenas. I think you have the issue posed, and I will give you the answer. I will concede that after Higgs, although as I argue in my brief, I don't agree with it, it is the law in this circuit, it is what we are bound by, that Judge Sleet was to have changed the imposed 36-month sentence within the seven-day period. But Higgs is merely a wrinkle in this case. And the reason why you do have jurisdiction is because I am not only the appellee, I am the cross-appellant. I took an appeal as well. The practical matter here is that justice is not going to prevail if you send it back, as the U.S. Attorney suggests, because of 36 months, this man has already been incarcerated, approximately 24 of them. If we utilize the procedure, knowing that we have a sentence where the district court judge himself said, I did not give proper 3553A consideration to it, we're going to have a remand. Even if you do a summary remand, it's going to take time until we get this man back into the district court. Then we're going to have to file either another appeal, as the U.S. Attorney is suggesting, where we file a 2255. And in that particular case, we could wind up having a prevailing one to merits after the man has served 45 or 46 months. I think Judge Irenas, with all due respect, I mean, I can tell you, I had the scars from the trenches. I don't believe, I just don't think bail is as likely a remedy as you might feel is appropriate. I couldn't possibly stand up here. And knowing what really goes on, you know, I mean, I admit I'm not familiar with being in your courtroom, sir, but I just don't think that's the kind of remedy that's available that you can really rely upon for justice to be done in this case. In this particular case, you do have jurisdiction. We know that we had an erroneous sentence imposed. We know that we have now a sentence that, in accordance with Rita, doesn't impose any greater time than is necessary to carry out the purposes of the Sentencing Act. What relief are you seeking on the cross-appeal? You said you cross-appealed, and I noticed that in the brief. Yes. What is it, what relief do you want on your cross-appeal? If I prevail in the cross-appeal, I would want summary remand for this matter to go back to Judge Sleet. He can have another sentencing hearing and impose the 36 months. That would be the appropriate relief if, in fact, Judge Sleet did not follow the correct procedure in correcting. You know, we have two procedures. We have the procedure under the Sentencing Act, which is you have to apply the 3553 factors, and Judge Sleet says he didn't follow that procedure. So that makes that sentence, the 60 months, substantively infirm. We have the 36-month sentence, which does comply procedurally with 3553, but there's a question as to whether or not Rule 35 precluded him correcting his sentence between March 23rd and April 17th, I believe it was. If this panel decides that Rule 35 does indeed preclude Judge Sleet from correcting his error in the manner that he did it, a summary remand would be appropriate so that it can then go back and Judge Sleet can impose the sentence again that he imposed on April 17th of last year. That would be, in the interest of justice and in fairness to everyone involved in this case, that would be the appropriate procedure. Plus, this panel would have a great opportunity to say to the district court judges in view of Rita, in view of Gall, and in view of Higgs, listen, if you realize that there was an error in your sentencing, then this is the way we want you to do it. Write an opinion, and then a 2255 action can be commenced. You may come up with another resolution for the district court judges, but put yourself in Judge Sleet's position, Judge Irenas. You know that you've made a mistake. You're looking for a way to correct that mistake, and you're hamstrung by the procedure. He didn't know about Higgs. It wasn't unreasonable for Judge Sleet to issue the notice of the resentencing within the seven days. Remember, before Higgs came down. Did he really issue it within the seven days? Pardon? Did he really issue that notice within the seven days? Oh, absolutely. No, there's no question about that. The docket is clear on that. That came out within the seven days. It was the time that the sentencing actually occurred, when it was reconvened, as Judge Sleet called it, that occurred more than seven days afterwards. But remember, Judge. Mr. Crosby. Yes, sir. Judge Sleet had to know about Rule 35. Oh, I'm sure he knew about Rule 35. The only thing he didn't know was that Higgs would require it to be jurisdictional. That's what he didn't know. But Rule 35 is explicit in saying he had to do this within seven days. And he didn't do it within seven days. And the Rule 35, particularly after, I guess it's the Bowles case out of the Supreme Court, says that this is a statutory remedy and we must give it effect as it is. Now, you can't tell us that we've got to go back and change Rule 35. No, if I've suggested that, Judge Garth, then I apologize because that is not what I am arguing. You don't have to apologize. But that is the problem. And you're sort of caught in catch-22 in this respect. But you can certainly move to expedite any appeal that you may take in light of the fact that Mr. Johns has served, as you tell us, a good part of the sentence to which he was originally imposed. But Rule 35 stands on the books. The fact that it's jurisdictional is an added filler that makes it harder for you to deal with us. But the uniqueness of this particular case is that at the moment I found out that the 60-month sentence was an illegal sentence. It was not a reasonable sentence because it didn't comply with 3553. I then took an appeal. It's all that I could do. Sure. So it would be unfair to then say that, you know, first of all, with all due respect, Judge Garth, I'm not so sure, and I don't mean to pat myself on the back, but I'm not so sure that the analysis made by Judge Sleet may not have been similar to the analysis I made before Higgs was decided. I think, you know, I think that there's intellectual validity to the argument I made that Rule 35 is not jurisdictional. However, the Third Circuit has disagreed with that argument. And I respect that. I must, and I do, and I wouldn't argue anything different. But there's a fundamental substantive error here. It's almost a violation of due process. We know that the man was sentenced in violation of 3553. What is it you cross appealed? You cross appeal an order that doesn't — what is it you cross appealed? I cross appealed the sentence of — I actually, in my appeal, I believe, I said both — I referred back to the appeal, the sentence of March 23rd. Well, there was no appeal of that because there was nothing in writing. The appeal time hadn't matured yet. If you had tried to appeal that, you would have gotten a notice from the circuit saying there's a standard form they use, even in the rule. They send it back and say it's premature because there's been no JOC entered. I get defendants who do that all the time. They file — it's orally given. The next day they file a notice of appeal. But this — you were notified about a possible jurisdictional defect. I'm sorry? You were notified about a possible jurisdictional defect here, weren't you? I thought — I thought — When? Well, I don't know when, but I thought I read somewhere that you got one of these possible jurisdictional letters. No, no, I don't recall that, Judge McKay. Just to answer you, Judge Irenas, I want to tell you, I admit, I am not glib enough to come up with an answer to what you said. I was caught in a difficult position. It was a totally unique situation. I knew that I had to do something to try to protect my client's rights. I couldn't find the exact thing to do except to file the cross-appeal and to be able to say to the court, look, even procedurally, the procedure is only a wrinkle. There's an important substantive issue here. How does a judge go about making the correction? I mean, we have a judge who's admitted it. Well, that's my concern, too. But Higgs and Rule 35 suggest that after the seventh day, he or she can't. That's it. Okay. Then remand it and tell the district court judges that in this situation, they should write an opinion. And then a 22 — if the appeal period has — opinion could be one line. I made a mistake. You know, I didn't give 3553 consideration to the sentence I imposed. It wouldn't have mattered. It wouldn't have mattered. Then we would be able to do 2255. Going back to what you said earlier about the remand, why would Judge Sleet be able to impose a 30-month sentence on remand if we conclude that the second sentence here, he did not have jurisdiction to impose, we vacated it and sent it back for imposition of sentence? You're saying that he could then impose a 30-month sentence rather than a 60-month sentence. I'm not sure I followed that. No, no. I didn't use 30. I used 36. And then perhaps I misspoke. I meant 36. Quite honestly, intellectually, I would have to admit that it may be that Judge Sleet would impose more than 36 months because the government would, you know, be prepared to make its arguments. If it's going to be a new sentencing, I don't believe it should be a new sentencing. I believe that the 36 months that he imposes the sentence in this unique set of circumstances is what is the appropriate sentence. It's not really a new sentencing. I'm sorry? It's not really a new sentencing. It's a remand for reimposition of the sentence he imposed initially before he imposed the sentence that he may not have had jurisdiction. Yeah. I just don't think that Rule 35 should not be – Rule 35 is not what should decide this case on the merits. It's the fact that we know we have an illegal sentence that should decide the case on the merits. Can I ask you a practical question? Certainly. I probably do 10, 12 sentencings a month. Under 3553A, there's no metrics. Other than the guidelines, there's no metrics. It's hard to put a value on deterrence, incapacitation, character of the defendant, seriousness of the crime, circumstances of the offense. Many times I render a sentence. I go home at night and in the coolest of myself say, you know, I gave that guy 60 months. Did I really have to give him 60 months? Wouldn't maybe 40 months have been just enough? You know, I don't know any judge, I think, who doesn't go back, particularly under the new Booker regime, where, you know, you have all these factors, but you have no metrics of any kind. I mean, you just get your conscience. And if we render an opinion that basically says that's an error, that's a kind of error that's correctable, the next day every good defense lawyer will hit me with a brief and say, Judge, you made a mistake. You made a Rule 35A mistake. You didn't give proper consideration to all these factors. That brief would be prepared before the sentencing. It would be hit with me. In other words, in effect, get another shot at the apple. No, I'm sorry, Judge Irenas. With all due respect, you are positing a very, very different situation. If you can say that you know when you gave your sentence that you gave the proper 3553A considerations to determining what that sentence would be. He absolutely did. He said that. No, he didn't. When he gave the sentence, he absolutely did say that. Yes, but what I meant by answering you, sir, is that, you know, there's certain talismanic words that judges sort of intone in the process of giving a sentence. I don't think it's necessarily an expression of what, in fact, occurred, especially when we have Judge Sleet saying, I did not give 3553A. Judge Sleet pointed out that the sentencing he did was very thorough. He actually, he listened. He analyzed. He clearly had his heart in it. He, in fact, gave a Booker. He was agonized. He gave it. He agonized. He'd been there. He was absolutely agonized. But he took that extra step. He made a decision. And at the moment he made it, he thought he was doing the right thing. He went home, or wherever he went, and he thought about it. And, you know, those things don't go away. You can't put them out of your mind. And he thought about this man. He thought about, he lost a leg, didn't he? Yes, but with all due respect, Judge, I'm sorry. He thought about it. He agonized about it. It was still resonating in his brain. And he says, you know, I really didn't have to give him 60 months. That was, you know, the parsimony principle. I didn't really have to do that. Maybe I didn't give enough weight to the mother's statement. Maybe I didn't give enough weight to his rehabilitation. Maybe I didn't do this, didn't do that. And he says, I'm going to re-sentence him to a lower number. And that's what he did. With all due respect, that's not. Don't use that phrase again. Okay. With all due respect, don't say that again. Judge Irenas, the reason I don't agree with you is because you posit the hypothetical, but there's a difference between a judge who can say, I gave proper 3553A consideration, announces a sentence, and then goes home and thinks, maybe a different sentence would have just as well have served the purposes of the Sentencing Act. That kind of second thoughts, which is what my opponent, the U.S. attorney, is arguing is not what came up here. Judge Sleet made a very substantial additional leap. It wasn't just a change of heart. It wasn't just a reconsideration. Judge Sleet had the courage to go on the record and say, I did not give proper 3553A consideration. That's what I'm trying to show is the difference between a mere change of heart, a mere consideration, and actually having the courage to go on the record and say, you know what, whatever I said on March 23rd was wrong. I did not give adequate 3553A consideration. The resentencing took one half of one page. There was no comment by anything. He didn't explain. He didn't say, well, I should have given six extra months for his character. I should have given seven, ten months less for something. He just said, I'm giving 36 months. Well, under Gall and Rita, I don't believe he has to do any more than that. I'm not suggesting he had to. I'm just saying this sounds more like somebody who had a change of heart. There's no metrics. And he decided that 36 months now was really enough, and he did it. But my point is that. We understand your argument, Mr. Brook. Thank you. A little time reserved from Mr. Brook, I think. Thank you, Your Honors. And I'll just be brief. But just a couple points with respect to what Mr. Perlstein said. First, with respect to whether the district court could in any way on remand change the sentence here, our position is clearly he cannot. Sentencing has occurred, and the only thing he can do because he's lost jurisdiction is to enter the judgment. But with respect to the point I think that all of you are making, which is the issue of district courts having second thoughts, because clearly that is what we're arguing happened here. I think that's what the judges say. A couple of reasons, and they go to Rule 35, why it's important that those second thoughts, albeit a reality, should not allow district courts to go back and change sentences which are final. It's because the rule first, it protects both sides. There could be cases where district courts have second thoughts and then want to increase the sentence by 24 months. And then the other point is there are a lot of cases, including felony possession cases like this one. I'm not saying it was the case here, but I've had them, where you'll have victims who are involved too. And you'll have an initial sentencing where the district court says 60 months. And for those victims, that's a sense of finality. I think the sense of finality Rule 35 is meant to impart. And imagine if a month later the district court came back and cut that sentence almost in half without any real explanation. That's going to impact them too. It's going to impact them too. And so those are factors I think that are a reality.